UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RACHEL W.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C19-1636-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in discounting certain medical opinions and the statements of her partner, Kevin McGuin. (Dkt. # 10 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1987, has a college degree, and has worked as a retail cashier and math tutor. AR at 379-80. Plaintiff was last gainfully employed in November 2011. *Id*. at 380. In March 2016, Plaintiff applied for benefits, alleging disability as of January 1, 2011.[1] AR at 273-

---

[1] Plaintiff subsequently amended her alleged onset date to March 21, 2016. AR at 40.

ORDER - 1

94. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. at 182-90, 194-204. After the ALJ conducted a hearing in May 2018 (*id*. at 38-78), the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 17-32.

Utilizing the five-step disability evaluation process,[2] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the application date.

Step two: Plaintiff's degenerative disc disease, scoliosis, fibromyalgia, obesity, affective disorder, anxiety disorder, and personality disorder are severe impairments.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[3]

Residual Functional Capacity ("RFC"): Plaintiff can lift/carry 20 pounds occasionally and 10 pounds frequently. She can sit, stand, and walk for six hours each in an eight-hour workday. She can occasionally climb ladders, ropes, and scaffolds, and perform all other postural activities frequently. She must avoid concentrated exposure to vibrations and hazards such as heights and dangerous moving machinery. She can perform simple, routine tasks in two-hour increments throughout an eight-hour workday with the usual and customary breaks. She can interact occasionally with supervisors, and can interact occasionally and superficially with the general public (with "superficial" defined to mean that contact with the general public is not an essential element of the task, and incidental contact is not precluded). She can work in the same room with her co-workers, but there should be no coordination of work activity. She can adapt to simple workplace changes, as may be required for simple, routine task work.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 17-31.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-7. Plaintiff appealed the final decision of the Commissioner to this Court.

---

[2] 20 C.F.R. § 416.920.
[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Did Not Err in Discounting Medical Opinion Evidence

Plaintiff challenges the ALJ's assessment of numerous medical opinions. A contradicted treating or examining physician's opinion may be discounted for specific, legitimate reasons. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). The Court will address each disputed opinion in turn.

1.     *Mental opinions: Margaret Cunningham, Ph.D.; Luci Carstens, Ph.D.; and Pietro Poletti, M.D.[4]*

Dr. Cunningham examined Plaintff in September 2015 and wrote a narrative report describing her psychological symptoms and limitations. AR at 842-54. Dr. Carstens examined Plaintiff in November 2015 and wrote a narrative report describing her psychological symptoms and limitations. *Id*. at 858-66. Dr. Carstens examined Plaintiff again in October 2017 and completed a DSHS form opinion describing her symptoms and limitations. *Id*. at 1638-49. Dr. Poletti, Plaintiff's treating psychiatrist, completed form opinions in August 2016 and May 2018 describing Plaintiff's mental symptoms and limitations. *Id*. at 1425-27, 1966-70.

The ALJ summarized all of these opinions, and explained that she discounted them because *inter alia* these opinions were inconsistent with Plaintiff's "normal and near-normal examination findings" and the evidence of improvement with treatment, as well as with Plaintiff's activities, namely her ability to drive, shop, complete household chores, cook, advocate for herself, manage her finances, complete self-care, move residences, attend neighborhood potlucks on a monthly basis, and interact in public. AR at 23, 27-28.

The Court finds that the ALJ's findings of inconsistency between the opinions and the objective medical findings and activities are specific, legitimate reasons to discount the opinions. The ALJ cited many normal mental status examination findings, which contradict the cognitive limitations described by Drs. Cunningham, Carstens, and Poletti. AR at 26 (citing *id*. at 847-48, 850, 859, 1478, 1642, 1644, 1756, 1789). Plaintiff contends that the ALJ cherry-picked these normal findings out of a record containing many abnormal findings, but she points to findings

---

[4] The ALJ addressed each provider's opinions separately, but cited some of the reasons to discount all of the opinions. *See* AR at 23, 27-28. Because the Court finds that the repeated reasons discussed here are specific and legitimate, the Court need not address the additional and/or separate reasons, as any error as to those reasons would be harmless. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

ORDER - 4

that do not necessarily contradict the evidence cited by the ALJ. (Dkt. # 10 at 6-7 (citing AR at 847-48, 858-61, 1642-44).) Moreover, the ALJ did not dispute that the record established that Plaintiff had significant mental limitations, and reasonably focused on the many normal findings during the adjudicated period as well as as the lack of hallucinations during examinations dating to that period. AR at 25-26. Given that the ALJ acknowledged the existence of Plaintiff's mental symptoms and included many mental limitations in the RFC assessment, Plaintiff has not shown that the ALJ impermissibly cherry-picked normal findings from the record.

The ALJ also cited evidence of Plaintiff's improvement with treatment during the adjudicated period, namely her reports of feeling less stressed with medication and more social. AR at 26. Plaintiff acknowledges that she improved "somewhat," but argues that she remained significantly limited. (Dkt. # 10 at 8.) This argument does not show error in the ALJ's decision, however, because the ALJ's RFC assessment contains many significant limitations.

Lastly, the ALJ found that the psychological opinions were inconsistent with Plaintiff's activities. AR at 26-28. Plaintiff argues that the ALJ did not acknowledge that she completed her activities with difficulty and intermittently. (Dkt. # 10 at 8-9.) For example, Plaintiff notes that she got headaches with watching television and reading (AR at 1639), but the ALJ did not cite Plaintiff's ability to watch television or read as inconsistent with her allegations. Plaintiff did express some pain with certain activities, but yet also reported continuing to engage in those activities, and the ALJ did not err in considering the activities that Plaintiff retained the ability to complete. *See, e.g.*, *id*. at 25 (discussing Plaintiff's physical activities including driving, painting her toenails, and lifting heavy items, despite her complaints of pain). Plaintiff has not shown that the ALJ erred in finding that Plaintiff's activities contradicted the limitations described in the

psychological opinions, such as severe problems with concentrating, completing tasks, adapting to change in a routine environment, or making simple work-related decisions.

Because inconsistency with the record and a claimant's activities are legitimate reasons to discount medical opinions, and because substantial evidence in the record supports the ALJ's findings of inconsistency, the Court affirms the ALJ's assessment of the psychological opinions. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency with the record properly considered by ALJ in rejection of physician's opinions); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity).

### 2.   *Physical opinions: Johanna Wang, M.D.*

Dr. Wang treated Plaintiff's physical conditions throughout the adjudicated period and completed a form opinion in January 2018 describing Plaintiff's physical and mental diagnoses and limitations. AR at 1650-52. Dr. Wang completed similar form opinions at other times as well. *Id.* at 792-97, 1265-69, 1633-37.

The ALJ summarized Dr. Wang's opinions and explained that she gave them little weight because they were inconsistent with the largely normal examination findings as well as with Plaintiff's minimal use of a neck brace and lack of need for an assistive device; Plaintiff's improvement with medication; and Plaintiff's physical activities, such as driving, cooking, performing chores, managing her self-care, and engaging in heavy lifting on occasion. AR at 26-27. Indeed, although Dr. Wang opined that *inter alia* Plaintiff's mental conditions left her unable to see, hear, or communicate (*id.* at 1634), and that her physical conditions left her unable to sit for more than three hours total in a workday or lift more than 10 pounds (*id.* at 1650-51), such limitations were inconsistent with the many normal objective findings as to *inter alia* gait and

strength, as well as inconsistent with Plaintiff's ability to engage in activities such as driving, lifting, and walking without assistance. The ALJ did not err in discounting Dr. Wang's opinions on these bases.[5] *See Tommasetti*, 533 F.3d at 1041; *Rollins*, 261 F.3d at 856.

Plaintiff also points to a letter that Dr. Wang wrote in November 2018 regarding certain urine drug tests Plaintiff underwent in 2016 and 2017. (*See* Dkt. # 10-1.) In that letter, which was submitted to the Appeals Council, Dr. Wang wrote that those drug tests did not suggest that Plaintif had a substance abuse problem. (*Id.*) Indeed, the ALJ herself concluded that any substance abuse was not a severe impairment at step two, and the ALJ did not refer to Plaintiff's urine drug tests at any other point during the decision. AR at 20. Under these circumstances, Plainitiff has not shown how Dr. Wang's letter deprives the ALJ's decision of the support of substantial evidence or undermines it in any way, and thus has not shown that it provides a basis for reversing the ALJ's decision. *See Brewes v. Comm'r of Social Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.").

**B.      The ALJ Did Not Harmfully Err in Discounting Mr. McGuin's Statements**

Mr. McGuin completed a narrative statement in 2013 and a third-party function report in 2016 describing Plaitniff's symptoms and limitations. AR at 374-76, 395-402. The ALJ found that Mr. McGuin's statements were similar to Plaintiff's own subjective statements, and that she

---

[5] Even if the ALJ's other reasons to discount Dr. Wang's opinions are not legitimate, these reasons are sufficient to support the ALJ's assessment and therefore render any error harmless. *See Carmickle*, 533 F.3d at 1162-63.

ORDER - 7

discounted both of those in light of inconsistencies with the objective medical evidence.[6] *Id*. at 29.

An ALJ's reasons to discount a lay statement must be germane. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness."). Plaintiff argues that the ALJ did not point to any objective evidence that contradicted Mr. McGuin's statements, even though she found that Mr. McGuin's statements were "not entirely consistent" with the evidence. (Dkt. # 10 at 18.) Throughout the ALJ's decision, however, the ALJ pointed to many findings that contradict Mr. McGuin's statements, such as evidence showing that Plaintiff had full strength and normal gait, in contrast to Mr. McGuin's statement that Plaintiff could lift no more than three pounds and must walk very slowly. *Compare* AR at 400 *with id*. at 1407, 1770. The ALJ's decision cites substantial evidence that is inconsistent with Mr. McGuin's statements, and thus Plaintiff has not shown that the ALJ harmfully erred in discounting Mr. McGuin's statements on that basis. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence.").

//
//
//
//

---

[6] The ALJ also listed other reasons to discount Mr. McGuin's statements (AR at 29), and the Commissioner does not defend those reasons. Even if those other reasons are erroneous, the ALJ linked her assessment of Mr. McGuin's statements to her assessment of Plaintiff's subjective testimony, which Plaintiff does not challenge here, thus rendering harmless any error in the other reasons. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony").

ORDER - 8

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 2nd day of June, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge